## CLARE *vs.* CLARE.

1. Divorce, on the ground of adultery, will not be decreed upon the testimony of a *particeps criminis*, herself notoriously unchaste, and in her evidence untruthful and reckless, uncorroborated by any circumstances that lead to the conviction of the defendant's guilt.

2. The proof of adultery, to justify a decree for divorce, must not only be clear and direct, but it must be entitled to, and command belief.

---

This cause came on for hearing upon petition, answer, and proofs.

*Mr. Schenck,* for petitioner.

*Mr. Adrain,* for defendant.

THE CHANCELLOR.

The petitioner applies for a divorce from her husband, on the ground of adultery, committed by him with one Annie Browning, in the year 1863, in the city of New Brunswick.

The petition was filed July, 1867, she having had no knowledge or suspicion of the adultery until the 18th of April of that year, when she found, in her husband's pocket, a letter, of which the address and signature had been cut out, the writer of which applied to the person addressed, for aid in the support of a child of which she had been delivered, and of which she said he was the father.

The petitioner would not own to him taking the letter when he first inquired about it, but first showed it to his mother, and to an intimate friend of her own. After this, she applied to him for an explanation of it, which he declined or refused to give. He insisted that the letter should be first returned, or he would make no explanation.

The conduct of the petitioner, in requiring from her husband an explanation of such a letter, and being dissatisfied when none was given, is natural and proper; it is what any true wife and right-minded woman would have done; it was not improper that she should look at an unsealed letter in the pocket of a vest handed her by her husband to mend, or, on finding its contents to be such as these, that she should take possession of it. Perhaps she should have asked an explanation from him before showing it to his mother, or to her own friends; that much depends upon his disposition toward her, and the kind of intimacy and confidence between them. But if she made a mistake in what any one may think she should have done, it was a mere error in judgment, that cannot in any way prejudice or injure her in seeking her rights in this suit. It may afford to the defendant an

excuse, or rather a reason for his conduct in refusing to give to his wife the explanation to which she was entitled immediately if he was innocent. That refusal would be a strong circumstance against him, unless it could be explained by conduct on her part, or other circumstances to account for it. Facts that would not justify him in refusing the explanation, might naturally excite a feeling that would make him stubborn and refuse to do what he ought to do, without implying guilt.

Besides this letter, and his conduct relating to it, the only evidence of the adultery is that of Annie Browning herself; she swears to it positively and directly. But, from her own account of herself, and the account of every other witness, her character is utterly worthless. She is notoriously unchaste, and in her evidence untruthful and reckless in no ordinary degree. The evidence of such a witness ought not to be sufficient to dissolve the marriage tie of a man against whose conduct for fidelity to his wife for the many years of their relation, nothing else is shown or breathed. When divorce courts require adultery to be clearly proved before a divorce will be decreed for that cause, they do not merely mean that it must be clearly and directly sworn to, but that the proof must be entitled to, and command belief.

It was unfortunate that this witness was examined in the absence of counsel of the defendant; this fact does not detract from her credibility, but the urgency for examining her on that day, which prevented counsel exercising the usual courtesy of the profession toward opposing counsel when sick, and the fact it disclosed, that this witness was kept at a distance, at the expense, and by the management of the petitioner, or her friends, does necessarily impair the confidence to be placed in her. The petitioner and her friends evidently considered her an unreliable witness; that it would be unsafe to leave her where she could be approached or tampered with by the defendant. I have no suspicion that this was from a corrupt motive, but from a want of confidence in her, natural to be entertained; but I cannot close

my eyes to this evidence, that she was regarded by them as she is by me.

There are no circumstances proved to corroborate Annie Browning. On the contrary, it seems to me, that if her story were true, that the defendant had the intercourse charged with her in his own house where her husband's mother was employed as cook, and was in the kitchen where Annie always went, and generally remained, at her visits to the house, she must have seen something that would have aroused suspicion, and that she could, when the charge was made, have looked back to, and remembered as confirmatory circumstances. She knows of none. All she can recollect is talking and laughing, and she swears that she did not think anything of it at the time. She is inclined to support the petitioner, and the want of all support in her testimony is much against the credibility of the charge. I shall not recapitulate the testimony of the other witnesses, but I see nothing in them to support the evidence of Annie Browning. Clare is shown to have attended Annie home at night from church, and to have met her in the street, and stopped to talk with her; to have called at her mother's house several times, and talked to her in her mother's presence.

The only thing to aid her testimony is the letter, and his concealing it from his wife, and refusing to explain it to her. There is no doubt that Annie Browning wrote that letter, and it may have been signed Annie, or with her full name, and it was addressed to the defendant. But she never charged him otherwise with being the father of her child, or applied personally to him for aid. This she would most naturally have done, if her story was true. He did nothing in consequence of the letter; if he had been conscious of guilt, he would have done something to quiet her and conceal the charge. He should have shown the letter to his wife, and yet many faithful husbands would have judged it best not to do so, especially if she was under the influence of a friend whom he might think ill disposed toward him, and inclined to excite prejudice against him.

Clare *v.* Clare.

His account, that he had thrown it for years in a box, and taken it out a few days before his wife found it, in consequence of a casual conversation, to show it to a few friends, is not improbable, and is confirmed by the evidence of some of these friends, that he did show it. His refusal to explain it was wrong and imprudent, and must excite suspicion against him. It is much stronger than the evidence of Annie Browning; it is the only thing that has raised a serious doubt in my mind in the cause, and yet it may be considered as accounted for, though not justified, by the circumstances before alluded to. It is, at the best, so doubtful as not to convince my mind, in connection with the evidence of Annie, that he was guilty of adultery with her, or any one else.

I have so far considered the case, without reference to his testimony, in which the charge is fully denied. I see no reason to disbelieve him. His character and conduct, so far as developed, incline me much to believe him as a truthful witness.

I feel convinced, on the whole case, that the charge is not true. And if I were not fully convinced of that, I would have no hesitation in holding that the evidence is not sufficient to warrant this court in granting a divorce. The petition must be dismissed. But his improper conduct, with regard to the letter, naturally roused the suspicions of his wife, and, together with information derived from Annie, led her to bring this suit; her course in so doing cannot, under the circumstances, be condemned as improper, and he must, therefore, pay the costs of the petitioner, and a reasonable counsel fee to her counsel.